**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
MADISON M. AGUIRRE, ESQ.
Nevada Bar No. 16183
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA TRAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.; DAMIEN GOCHELE; TREMEKA DOUGLAS; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>        Defendants. | CASE NO.:<br>DEPT NO.:<br><br>[District Court -<br>Case No.: A-22-861843-C<br>Dept. No.: 14]<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant DOLLAR TREE STORES, INC. ("Defendant") hereby files this Notice of Removal of the above referenced action from the Eighth Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

. . .

. . .

. . .

. . .

. . .

## I. BACKGROUND

1. On November 29, 2022, Plaintiff, LISA TRAYLOR ("Plaintiff"), filed her Complaint against DOLLAR TREE STORES, INC., DAMIEN GOCHELE, TREMEKA DOUGLAS, and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-861843-C.

2. Plaintiff's Complaint pleads the following causes of action: (1) negligence, (2) vicarious liability/ joint and several liability, respondeat superior, and agency, (3) negligent hiring, training, supervision, and policies/procedures, and (4) strict premises liability.

3. Plaintiff seeks entry of judgment against Defendants as follows: for general and special damages in an amount in excess of $15,000.00; reasonable attorney's fees and costs; pre-judgment and post-judgment interest; and any other relief as the Court deems just and proper.

4. On January 13, 2023, Defendant DOLLAR TREE STORES, INC. filed its Answer.

5. On January 22, 2023, Plaintiff filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $143,049.56.

6. On June 9, 2023, Defendants DAMIEN GOCHELE and TREMEKA DOUGLAS filed a Motion to Dismiss.

7. On July 12, 2023, the parties filed a Stipulation and Order to Dismiss Defendants DAMIEN GOCHELE and TREMEKA DOUGLAS without prejudice.

8. On July 18, 2023, the Court entered and filed a Notice of Entry of Order regarding the above-mentioned Stipulation and Order to Dismiss Defendants DAMIEN GOCHELE and TREMEKA DOUGLAS without prejudice.

. . .

. . .

## II. TIMELINESS OF REMOVAL

9. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

10. However, if the case, as stated in the initial pleading, is not removable, a notice of removal may be filed within thirty (30) days of receipt by the defendant, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3).

11. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $15,000.00, which did not put Defendant on notice that the amount in controversy was in excess of $75,000.00.

12. On January 22, 2023, Plaintiff filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $143,049.56. At this point, Defendant learned that the amount in controversy was in excess of $75,000.00; however, diversity of citizenship did not exist due to DAMIEN GOCHELE and TREMEKA DOUGLAS being named parties.

13. It was not until July 18, 2023, when the Court entered and filed a Notice of Entry of Order regarding the Stipulation and Order to Dismiss Defendants DAMIEN GOCHELE and TREMEKA DOUGLAS without prejudice, that the subject case became removable.

14. Plaintiff has citizenship in Nevada, and Defendant DOLLAR TREE STORES, INC. has citizenship in Virginia, which satisfies complete diversity of citizenship.

15. This Petition of Removal is timely as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, and such Notice of Removal has been filed within thirty (30) days of the case becoming removable.

. . .

. . .

## III. DIVERSITY JURISDICTION

16. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1).

17. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

**A. Complete Diversity of Citizenship Exists**

18. For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

19. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz*

*Corp.*, 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93.

20. Plaintiff is domiciled in, and a resident of, Nevada.

21. Defendant was incorporated in Virginia and its principal place of business is also in Virginia.

22. As such, complete diversity of citizenship exists among the parties.

**B.  The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

23. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met."  *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

24. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $15,000.00, which did not put Defendant on notice that the amount in controversy was in excess of $75,000.00.

25. On January 22, 2023, Plaintiff filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $143,049.56. At this point, Defendant learned that the amount in controversy was in excess of $75,000.00; however, diversity of citizenship did not exist due to DAMIEN GOCHELE and TREMEKA DOUGLAS being named parties.

26.  It was not until July 18, 2023, when the Court entered and filed a Notice of Entry of Order regarding the Stipulation and Order to Dismiss Defendants DAMIEN GOCHELE and TREMEKA DOUGLAS without prejudice, that the subject case became removable.

. . .

## IV. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

27. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

## V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

28. A Notice of Filing, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

29. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

30. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit A.**

31. The allegations within this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

32. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 10th day of August, 2023.

HALL & EVANS, LLC

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
MADISON M. AGUIRRE, ESQ.
Nevada Bar No. 16183
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of August, 2023, the forgoing NOTICE OF REMOVAL was served on the following by Electronic Service to All parties on the Odyssey Service List.

MUSLUSKY LAW
3030 S. Jones Blvd., Suite 108
Las Vegas, NV 89146
jreynhout@musluskylaw.com
Adam@musluskylaw.com

*/s/Antonia Di Dio*
An Employee of HALL & EVANS, LLC